# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

SAUL LARA-PEREZ,

    Petitioner,

v.

ROBERT GATES, Secretary of Defense,

    Respondent.

NO. C09-841-RSM-BAT

**REPORT AND RECOMMENDATION**

## I. INTRODUCTION AND SUMMARY CONCLUSION

Petitioner Saul Lara-Perez is a native and citizen of Mexico who is currently detained by the U.S. Immigration and Customs Enforcement ("ICE"). On June 18, 2009, petitioner filed a pro se "Petition for a Civil Lawsuit for Breach of a Promise Violation of Constitutional and Legal Right," which the Court construed as a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. (Dkt. No. 6.) Petitioner claims that respondent prevented him from adjusting his status through the 1986 amnesty program while he was in active military duty, violating his constitutional rights and causing him to be placed in detention for removal. (Dkt. No. 6 at 1.) He requests that this Court "find by virtue of authority that he is a citizen of the United States." *Id.* at 2. Respondent has filed a motion to dismiss, arguing that that petitioner is not entitled to relief. (Dkt. Nos. 11 and 17.)

For the reasons set forth below, the Court recommends that respondent's motion to dismiss be GRANTED, and that this matter be DISMISSED with prejudice.

## II. BACKGROUND AND PROCEDURAL HISTORY

Petitioner is a native and citizen of Mexico, who asserts that he entered the United States using a visitor visa in 1968, and again on December 28, 1974. Administrative Record ("AR") L209-10. The government states that it has no record of either entry. (Dkt. No. 11 at 2.) Petitioner served on active duty in the United States Navy from April 1, 1980, to July 27, 1990, and in the reserves from August 1991 to November 1993. (AR R122.) On August 28, 1996, petitioner was convicted in the Superior Court of California, County of Yolo, for the offense of Lewd or Lascivious Acts Upon a Child Under Fourteen, in violation of California Penal Code § 288(a), and was sentenced to six years incarceration. (AR R8, R96.)

On February 12, 2009, ICE issued a Notice to Appear, charging petitioner with removability under INA § 212(a)(6)(A)(i), for being present in the United States without being admitted, and under INA § 212(a)(2)(A)(i)(I), for having been convicted of a crime involving moral turpitude. (AR L104-06.) On April 29, 2009, an Immigration Judge denied petitioner's applications for cancellation of removal and adjustment of status, and ordered him removed from the United States to Mexico based on the charges contained in the Notice to Appear. (AR L107.) Petitioner filed an appeal of the IJ's removal order with the Board of Immigration Appeals ("BIA"), which dismissed the appeal on July 30, 2009. (Dkt. No. 12, Ex. 1.) On August 10, 2009, petitioner filed a Petition for Review of the BIA's decision with the Ninth Circuit Court of Appeals, along with a request for stay of removal. *See Lara-Perez v. Holder*, No. 09-72523 (9th Cir. Aug. 10, 2009). Pursuant to Ninth Circuit General Order 6.4(c)(1)(3), this caused a

temporary stay of removal to automatically issue. *See id*. Petitioner's petition for review remains pending in the Ninth Circuit.

On September 10, 2009, petitioner received a bond redetermination hearing before an IJ who ordered that petitioner be released from custody under bond of $25,000. (Dkt. No. 18, Ex. A.)

### III. DISCUSSION

Petitioner asserts that he "submitted his application for citizenship on December of 1979 and was promised that he [would] become a citizen of the United States." (Dkt. No. 6 at 1.) He states that he believed "he was already a citizen of the United States until he was picked up by the Immigration and placed in detention for removal." *Id*. Petitioner requests that this Court "find by virtue of authority that he is a citizen of the United States." (Dkt. No. 6 at 2.) Respondent argues that such relief is not proper because the REAL ID Act divests the Court of jurisdiction to grant relief from removal. (Dkt. No. 11 at 4.) The Court agrees with respondents that petitioner's citizenship claim is not properly before this Court.

The REAL ID Act of 2005, Pub. L. No. 109-13, 119 Stat. 231 (2005), amended the INA by eliminating all district court habeas jurisdiction over orders of removal. Real ID Act § 106(a)(1)(B), codified at 8 U.S.C. § 1252(a)(5). Section 1252(a)(5) provides that the exclusive means of asserting a challenge to an order of removal and matters dependent thereon, is to file a petition for review with the appropriate court of appeals. *See* 8 U.S.C. § 1252(a)(5)("[a] petition for review filed with an appropriate court of appeals . . . shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this chapter.") The same section, under 8 U.S.C. § 1252(b)(5), explains that

> With respect to review of an order of removal . . . the following requirements apply:

REPORT AND RECOMMENDATION - 3

. . .

> (5) Treatment of nationality claims
>
> (A) Court determination if no issue of fact
> If the petitioner claims to be a national of the United States and the court of appeals finds from the pleadings and affidavits that no genuine issue of material fact about the petitioner's nationality is presented, the court shall decide the nationality claim.
>
> (B) Transfer if issue of fact
> If the petitioner claims to be a national of the United States and the court of appeals finds that a genuine issue of fact about the petitioner's nationality is presented, the court shall transfer the proceedings to the district court of the United States for the judicial district in which the petitioner resides for a new hearing on the nationality claim and a decision on that claim as if an action had been brought in the district court under section 2201 of Title 28.
>
> (C) Limitation on determination
> The petitioner may have such nationality claim decided only as provided in this paragraph.

8 U.S.C. § 1252(b). The Ninth Circuit has "interpreted these provisions as requiring that challenges to removal orders, based on a claim to citizenship, must be brought in a petition for review. *Flores-Torres v. Mukasey*, 548 F.3d 708, 711 (9th Cir. 2008)(citing *Iasu v. Smith*, 511 F.3d 881, 889 (9th Cir. 2007)). Accordingly, the Court lacks subject matter jurisdiction over petitioner's habeas petition to the extent he claims he is not subject to removal because he is a citizen of the United States.[1] Although this Court lacks jurisdiction to entertain petitioner's

---

[1] Although the REAL ID Act eliminated district court jurisdiction over habeas petitions challenging orders of removal, the REAL ID Act did not divest district courts of jurisdiction over claims related to detention. *See Nadarajah v. Gonzales*, 443 F.3d 1069, 1075 (9th Cir. 2006). Here, however, Lara-Perez's petition does challenge his detention or request release from custody. (Dkt. No. 6.) Moreover, petitioner received a bond hearing on September 10, 2009, before an IJ who ordered that petitioner be released from custody under bond of $25,000. (Dkt. No. 18, Ex. A.) Accordingly, there is no further relief the Court can provide. *See Prieto-Romero v. Clark*, 534 F.3d 1053, 1066 (holding that due process is satisfied once an alien has "had an opportunity to contest the necessity of his detention before a neutral decisionmaker and an opportunity to appeal that determination to the BIA.").

REPORT AND RECOMMENDATION - 4

habeas petition, the Ninth Circuit has statutory authority to address his claims through his pending petition for review.

## IV. CONCLUSION

For the foregoing reasons, the Court recommends that respondent's motion to dismiss be GRANTED, and that this matter be DISMISSED with prejudice. A proposed order accompanies this Report and Recommendation.

DATED this 9th day of November, 2009.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge

---

Alternatively, respondent notes that, in certain circumstances, petitioner may seek judicial review in the district court of an administrative denial of an application for certificate of citizenship. (Dkt. No. 11 at 5-8.) However, petitioner has never applied for a certificate of citizenship and, therefore, is not even at the stage where he may seek judicial review.